UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

MALCOLM STOCKDALE,

                    Defendant.

11-CR-801-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On November 26, 2013, Malcolm Stockdale plead guilty to Count I in a seven-count indictment. Count I charged that between March 2009 and April 2010, within the Eastern District of New York and elsewhere, Stockdale conspired to commit securities fraud, in violation of 18 U.S.C. § 1348, and to violate the Travel Act for the purpose of commercial bribery, in violation of 18 U.S.C. § 1952 (a)(3)(A). *See* 18 U.S.C. § 371 ("Conspiracy to Commit Offense or Defraud the United States"). Counts II through VII are dismissed.

Stockdale was sentenced on January 15, 2014. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The total offense level is 23 and defendant's criminal history category is I, yielding a Guidelines range of imprisonment of between forty-six and fifty-seven months. *See* U.S. Sentencing Comm., *Guidelines Manual*, §§ 1B1.2(d), 2X1.1(a), 2B1.1, 2E1.2(a)(2), 2B4.1. The maximum term of imprisonment is five years, with a maximum fine of $250,000. *See* 18 U.S.C. §§ 371, 1952 (a), (b)(3).

The offense to which the defendant pled guilty permits supervised release for a term of not more than three years. 18 U.S.C. § 583(b)(2). The Guidelines range for a term of supervised release is one to three years. U.S.S.G. § 5D1.2(a)(2). Forfeiture is required of any property derived from the proceeds traceable to the violation of the charged offenses. *See* 18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853(p), 2461(c).

Stockdale was sentenced to time served—5 months—and one year supervised release. A special assessment of $100 was imposed. *See* 18 U.S.C. § 3031. Forfeiture in the amount of

2

$26,610 is ordered. Restitution is not required. No fine is imposed because defendant does not have any assets, and it is unlikely that he will have any in the near future, to pay a fine.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The crimes to which the defendant pled guilty are serious. Stockdale was a shareholder of Dolphin and held substantial stock in the company. Beginning in March 2009, Stockdale and his co-conspirators, Pino Baldassarre and Robert Mouallem, devised a scheme to sell Stockdale's and Baldassarre's shares in Dolphin at inflated prices. Their plan involved unloading the stock into the brokerage accounts of unsuspecting clients, paying a kickback to an undercover federal agent who would appear to purchase the shares for the client accounts. Mouallem's role was to broker these trades on behalf of Baldassarre and Stockdale. The three defendants conducted five "test transactions" through which they sold a portion of the stock owned by Stockdale and Baldassarre and paid kickbacks to the undercover agent. Stockdale intended to liquidate his holdings in the company. He and his co-conspirators expected losses to innocent investors of at least $3 million to $4 million.

Other considerations support the imposition of a non-Guidelines sentence for defendant. Stockdale is a citizen of the United Kingdom. He voluntarily arranged to surrender to the FBI from Mexico in August 2013, and subsequently declined to seek bond, instead choosing to accumulate credit for his time in jail.

At age 68, this is Stockdale's first conviction. He suffered from physical ailments during his incarceration. His right hip, which was replaced twice in the past, causes him considerable pain whenever he moves from sitting to standing. It is desirable that he receive medical attention outside of prison.

The sentence reflects the seriousness of the offense. It will help promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), two important factors are to be considered by the sentencing court: general and specific deterrence. General deterrence is achieved primarily by the term of incarceration. Members of the financial industry must know that the commission of securities fraud for pecuniary gain at the expense of innocent investors will result in incarceration. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse, and is facing deportation. His physical ailments add to the painfulness and the detrimental value of his time served. It is unlikely that he will engage in further criminal activity.

Jack B. Weinstein
Senior United States District Judge

Dated: January 15, 2014
Brooklyn, New York